# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0685** (Randolph County 13-F-101)

**Dennis Abe Arbough,**
**Defendant Below, Petitioner**

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Dennis Abe Arbough, by counsel Jeremy B. Cooper and James E. Hawkins Jr., appeals the Circuit Court of Randolph County's June 16, 2015, order sentencing him to a cumulative prison term of fifteen to fifty years; blood testing; sex-offender registration; and fifty years of supervised release for one count of second-degree sexual assault and one count of first-degree sexual abuse.[1] The State, by counsel David A. Stackpole, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in considering certain recommendations at the time of sentencing that were based on his denial of guilt when he entered a *Kennedy* plea, which allows a defendant to plead guilty without admitting guilt.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2013, petitioner was indicted on the following eight felony counts: four counts of first-degree sexual assault; one count of kidnaping; two counts of third-degree sexual assault; and one count of first-degree sexual abuse. The indictment named two children as the victims of these alleged crimes.

In October of 2014, the circuit court held two plea hearings. At the first plea hearing, notwithstanding his agreement to plead guilty to two felony counts and have the remaining counts dismissed, petitioner maintained his innocence and requested a trial. However, the following day, petitioner and the State agreed that petitioner would enter a *Kennedy/Alford* plea

---

[1]The underlying indictment, plea agreement, and several orders refer to petitioner as "Dennis Abe Arbough AKA Dennis Abe Arbaugh." In this memorandum decision, we employ the primary spelling of petitioner's last name, which is also the spelling petitioner used to sign his plea agreement.

to one count of second-degree sexual assault and one count of first-degree sexual abuse and have the remaining counts dismissed.[2] The circuit court convened a second plea hearing, and, at that hearing, petitioner assured the circuit court that he would not change his mind again. Petitioner was also warned that, under the plea, he could be sentenced to prison for a cumulative term of fifteen to fifty years and fined. Petitioner agreed that he understood this possibility and wished to continue with the plea. Ultimately, the circuit court accepted petitioner's plea to two felony counts and dismissed the remaining counts in the indictment. A pre-sentence investigation report (hereinafter "PSI") was then ordered to be prepared by adult probation services, and the matter was scheduled for sentencing.

Prior to the sentencing hearing, an adult probation officer completed the PSI in which he recommended that petitioner receive the maximum possible prison sentence and fine. The officer based his recommendation on petitioner's denial of wrong-doing, the nature of the offense, and other factors. The officer expressly stated that his recommendation was

> due to the egregious and deplorable nature of this offense, the fact that there were multiple victims in this case that will be scared for life, and the fact that [petitioner] refused to participate in this investigation and denies any wrong doing despite pleading guilty to these offenses.

The circuit court continued petitioner's December of 2014 sentencing hearing so that he could receive a sixty-day sex offender risk assessment.

In March of 2015, a psychologist prepared the sex offender risk assessment in which he found that petitioner displayed "borderline intelligence" and "repeated signs of malingering in an attempt to avoid acknowledging or admitting to his behavior." At the conclusion of the risk assessment, the psychologist determined that "[a]s long as [petitioner] denies any responsibility for his actions, he remains an increased risk to the community."

In June of 2015, the circuit court held a sentencing hearing in this matter. At that hearing, the PSI and risk assessment were admitted into evidence without objection. The circuit court heard from the victim's mother who requested that petitioner be sentenced to consecutive prison terms, and the circuit court also heard the arguments of petitioner's counsel and the State. In its argument, the State sought the maximum prison term and cited the findings of the PSI and the psychologist in highlighting that petitioner "[a]ccepted no responsibility and has absolutely no remorse for his actions in this case." At the conclusion of that hearing, the circuit court sentenced petitioner to the maximum prison term—ten to twenty-five years in prison for second-degree sexual assault and five to twenty-five years in prison for first-degree sexual abuse to be run consecutively. The circuit court also ordered that petitioner undergo blood testing and, upon his release from prison, to register as a sex-offender and to be supervised for a period of fifty-years. This appeal followed.

---

[2]*See North Carolina v. Alford*, 400 U.S. 25 (1970) (permitting criminal defendant to plead guilty and accept prison sentence without admitting guilt), and *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987) (adopting *Alford* analysis).

Generally, "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). With those standards in mind, we turn to petitioner's assignment of error.

On appeal, petitioner argues that the circuit court erred in considering his failure to admit guilt or accept responsibility for these crimes at the time of sentencing, as reflected in its consideration of the sentencing recommendations of the State and the PSI, because he entered a *Kennedy* plea. Pursuant to *Kennedy*, "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." *Kennedy*, 178 W.Va. at 10, 357 S.E.2d at 43, at syl. pt. 1. Petitioner acknowledges that this Court previously upheld such a challenge in *State v. Keith R.*, No. 13-0768, 2014 WL 1686932 (W.Va. Apr. 28, 2014)(memorandum decision). In *Keith R.*, we explained that "nothing in *Kennedy* precludes a court from considering at sentencing whether a defendant has accepted responsibility for his crimes."[3] Further, as noted in *Keith R.*, "[t]his Court has identified remorse or the lack thereof as a factor to be taken into account by a trial judge when sentencing a defendant." *State v. Jones*, 216 W.Va. 666, 669, 610 S.E.2d 1, 4 (2004). We decline petitioner's invitation to modify our previous holdings. It is undisputed that petitioner did not admit to participating in these crimes at any time, as reflected in the State's arguments, the PSI, and psychologist's report, which were admitted into evidence without objection. The circuit court properly considered these arguments and evidence, the serious nature of the crimes, and the statements of the victim's mother. Based on our review of the record on appeal, the parties' argument, and pertinent legal authority, we find that the circuit court did not consider any impermissible factors in sentencing petitioner and that the circuit court's sentence in this case is within statutory limits. Therefore, we find that petitioner's argument is without merit.

---

[3] *See United States v. Harlan*, 35 F.3d 176, 181 (5th Cir.1994) (holding that district court may consider *Alford* plea as relevant factor when deciding whether to grant acceptance-of-responsibility reduction; citing decisions from First, Seventh, and Eleventh Federal Circuits); *United States v. Tucker*, 925 F.2d 990, 991 (6th Cir.1991) (affirming district court's denial of a reduction for acceptance of responsibility based on *Alford* plea, although *Alford* plea did not automatically preclude defendant's ability to accept responsibility); *State v. Knight*, 701 N.W.2d 83, 89 (Iowa 2005) (holding that "a defendant's lack of remorse may be considered even when the defendant professes his innocence by entry of an *Alford* plea"); *State v. Herndon*, 742 S.E.2d 375, 381 (S.C. 2013) (affirming sentence of lifetime sex offender registration following *Alford* plea where defendant was warned that failure to admit guilt during short-term counseling program would result in lifetime registration); *State v. Beckwith*, 871 N.W.2d 57, 60 (S.D. 2015) (holding that defendant's "conduct and the *Alford* plea were appropriate circumstances for consideration because they reflected a lack of culpability and remorse[.]").

For the foregoing reasons, the circuit court's June 16, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: September 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4